UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| E.L.O. CORPORATION, | |
| PLAINTIFF, | CASE NO.: 1:25-CV-12007 |
| v. | JUDGE EDMOND E. CHANG |
| CEYOME HEALTH DIRECT, AND THE INDIVIDUALS AND ENTITIES OPERATING CEYOME HEALTH DIRECT, | MAGISTRATE JUDGE JEFFREY T. GILBERT |
| DEFENDANTS. | |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiff, E.L.O. Corporation's ("ELO" or "Plaintiff") Motion for Entry of a Preliminary Injunction against CEYOME Health Direct and the individuals and entities operating CEYOME Health Direct (collectively, the "Defendants") and at least using the Amazon online marketplace account of CEYOME Health Direct (the "Defendant Internet Store" or "Seller Alias"), and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion in its entirety.

THIS COURT HEREBY FINDS, in the absence of adversarial presentation, that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. "In the context of cases like this one, that means a plaintiff must show that each defendant is actually operating an interactive website that is accessible in Illinois and that each defendant has aimed such site at Illinois by standing ready, willing and able to ship its counterfeit goods to customers in Illinois in particular (or otherwise has some sufficient voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. The P'ships, et al.*, 192 F.Supp.3d 924, 934 (N.D. Ill. 2016). In this case, Plaintiff has presented screenshot evidence that the Defendants are reaching out to do business with Illinois

residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can and do purchase products using counterfeit versions of Plaintiff's federally registered trademark (the "ThighMaster Trademark"). *See* Docket No. 13-2, which includes screenshot evidence confirming that the Defendant Internet Store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the ThighMaster Trademark.

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for a Temporary Restraining Order establishes that ELO has a likelihood of success on the merits; that no remedy at law exists; and that ELO will suffer irreparable harm if the injunction is not granted.

Specifically, ELO has proved a *prima facie* case of trademark infringement because: (1) the ThighMaster Trademark is a distinctive mark registered with the U.S. Patent and Trademark Office on the Principal Register; (2) Plaintiff's federally registered trademark is valid and in full force and effect; (3) Defendants are not licensed or authorized to use the ThighMaster Trademark or sell unauthorized products that bear or otherwise infringe upon the ThighMaster Trademark (the "Counterfeit Products"), (4) Defendants' use of the ThighMaster Trademark and the selling of the Counterfeit Products are causing a likelihood of confusion as to potential customers of Plaintiff's authentic products bearing the ThighMaster Trademark (the "ThighMaster Products"). Furthermore, Defendants' continued and unauthorized use of the ThighMaster Trademark irreparably harms ELO through diminished goodwill and brand confidence, damage to Plaintiff's

reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage; and, therefore, ELO has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

   a. using Plaintiff's ThighMaster Trademark and/or any reproductions, counterfeit copies or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine ThighMaster Product or is not authorized by ELO to be sold in connection with its ThighMaster Trademark.

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine ELO Product or any other product produced by ELO, that is not Plaintiff's nor produced under the authorization, control or supervision of ELO, nor approved by ELO for sale under Plaintiff's ThighMaster Trademark;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of ELO, or are sponsored by, approved by, or otherwise connected with ELO;

   d. further infringing Plaintiff's ThighMaster Trademark and damaging ELO's goodwill;

3

e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for ELO, nor authorized by ELO to be sold or offered for sale, and which bear any of Plaintiff's ThighMaster Trademark, and/or any reproductions, counterfeit copies, or colorable imitations thereof;

f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores or any other online marketplace account that is being used to sell, or is the means by which Defendants could continue to sell the Counterfeit Products; and,

g. operating and/or hosting the Defendant Internet Stores and any other online marketplace account registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiff's ThighMaster Trademark, or any reproductions, counterfeit copies or colorable imitations thereof that are not genuine ThighMaster products, or are not authorized by ELO to be sold in connection with Plaintiff's ThighMaster Trademark.

2. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces, including but not limited to: Amazon, Inc. ("Amazon") (the "Online Marketplace") shall within five (5) business days of receipt of this Order:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the ThighMaster Trademark, including any accounts associated with the Defendants;

4

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the ThighMaster Trademark; and,

    c. take all steps necessary to prevent links to the online marketplace accounts identified in the Amended Complaint from displaying in search results, including, but not limited to, removing links to the Defendant Internet Store from any search index.

3. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' online marketplace accounts, including, without limitation, the Online Marketplace and payment processors such as PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. ("Stripe"), and Amazon Payments ("Amazon Payments") (the "Payment Processors") shall, within five (5) business days after receipt of such notice, provide to ELO expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

    b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the online marketplace accounts, the Defendants' other seller aliases and/or online marketplace accounts not-yet identified, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to the Defendant Internet Stores and any other online marketplace accounts;

    c. Defendants' online marketplace accounts;

    d. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of the Payment Processors, any other financial institutions.

4. Defendants and any persons and/or entities in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. The Online Marketplace and all other e-commerce platforms in privity with Defendants, and their respective related companies and affiliates, shall within five (5) business days of receipt of this Order:

    a. identify and restrain all funds, as opposed to ongoing account activity, in, or which hereafter are transmitted, into the online marketplace accounts related to the Defendants, as well as all funds in, or which are transmitted, into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by the Defendants;

    b. provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and the identification of the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account

        information shall be made without notice to the account owners until after those accounts are restrained; and,

    c. prevent the transfer or surrender of any and all funds restrained by this Order for any purpose without the express authorization of this Court.

6. The Payment Processors and any other financial institutions for the Defendants or any of Defendants' online marketplace accounts , shall within five (5) business days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants and any of Defendants' online marketplace accounts, including, but not limited to, the Defendant Internet Store and the email addresses associated with the Defendants that are identified by either Defendants or third parties; and,

    b. restrain and enjoin such accounts from receiving, transferring, or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. ELO may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website, and by sending an email to the email addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue a single original summons in the name of "CEYOME Health Direct; and the individuals and entities operating CEYOME Health Direct" that shall apply to all Defendants. The combination of providing notice via electronic publication or email, along with any notice that Defendants receive from the Online Marketplace and Payment Processors, shall constitute notice reasonably calculated under all

7

circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. The Clerk of Court is directed to unseal all previously sealed documents in this matter.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on five (5) days' notice to ELO, or on shorter notice as set by this Court.

10. The $2,000 bond posted by ELO shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

                                            ENTERED:

                                            s/Edmond E. Chang
                                       Honorable Edmond E. Chang
                                       United States District Judge

DATE: November 1, 2025